GILBERT CRAWFORD, as Permanent Receiver of ROLAND STEEL COMPANY, INC., Plaintiff, *v.* DEBEVOISE-ANDERSON CO., INC., Defendant.

City Court of New York, New York County, March 12, 1930.

*Harold E. Lippincott*, for the plaintiff.

*William L. Bowman*, for the defendant.

SHIENTAG, J.   Defendant was the agent of the Roland Steel Company to sell pig iron. · Under its agreement with the steel company, it was required, among other things, to collect the price from the buyers and turn over the collections so made less its commission. It was not a *del credere* factor.   As such agent it advised the steel company of its sale to the Kilburn-Lincoln Machine Company of two carloads of pig iron, payment for which was to be made " cash 60 days from date of shipment, payable by trade-acceptance," which sale was confirmed by its principal, the steel company. Defendant thereafter drew two acceptances to its own order on the buyer, who accepted them.   After such acceptance, defendant indorsed the instruments in blank and delivered them to the Roland Steel Company.   The steel company discounted such acceptances with its bank.   They were presented for payment when due, but were not paid.   When the acceptor failed to pay, the bank returned the instruments to the steel company and charged its account with the amount thereof.   Joint receivers in equity for the steel company were afterwards appointed.   They made demand upon defendant for payment of the two acceptances, and upon failure to pay, these suits were instituted.

The evidence establishes that there was no consideration given by the steel company to defendant for its indorsements, and that defendant, in transferring the trade acceptances to the steel company, did so merely to transfer the title to the instruments, which, though nominally in defendant, was merely received by it as agent for the steel company.   The course of dealings between the parties indicates that the defendant was authorized by its principal to draw bills on the purchaser in its favor.   In such case it seems clear that as the agent indorsed solely for the accommodation of its principal in order to remit to him money which he collected, he is not bound, for no intention to bind the agent can be inferred.

Nor does the fact that the steel company discounted these acceptances with its bank, and subsequently, after dishonor, repaid to the bank the amount so received, place it in any better position than it was before it had so parted with the acceptances.   (*Devlin v. Brady*, 36 N. Y. 531.)

Assuming, but without deciding, that the bank is in the position of a *bona fide* purchaser for value, section 97 of the Negotiable Instruments Law has no application. At best, the situation in the instant case is analogous to that of a payee of a note unenforcible because of lack of consideration, who repurchases the instrument after transferring it to a *bona fide* purchaser for value. Under those circumstances, it is clear that the payee does not acquire the rights of the purchaser so as to hold the paper free from prior equities; he does not thereby become possessed of any better rights under the instrument than he had in the first instance.

Judgment is accordingly directed in favor of the defendant. Exception to plaintiff, who is allowed a stay of execution of ten days and thirty days to make a case.